**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARYLEE LOGAN FAIRFIELD,** | : | **Civil Action No.** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **ARCHDIOCESE OF PHILADELPHIA,** | : | |
| **Defendant.** | : | |

**CIVIL ACTION**

Plaintiff, Marylee Logan Fairfield (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Archdiocese of Philadelphia (hereinafter "Defendant"), for violations of the Americans with Disabilities Act of 1990 ("ADA"), as amended, the Age Discrimination in Employment Act ("ADEA"), the Pennsylvania Human Relations Act ("PHRA") and the Family and Medical Leave Act of 1993, as amended ("FMLA"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
2. Plaintiff is an adult individual residing at the above captioned address.
3. Upon information and belief, the Archdiocese of Philadelphia is the Archdiocese of Philadelphia with a location at 2130 Franklin Avenue, Morton, PA 19070 and corporate

headquarters located at 222 N 17th Street, Philadelphia, PA 19103.

4. Defendant is an entity engaged in an industry or activity affecting commerce which employs 50 or more employees in all of its offices for each working day during each of 20 or more calendar workweek in the current or preceding year.

5. At all times material hereto, Plaintiff was employed by Defendant for at least twelve hundred and fifty (1,250) hours of service during the twelve-month period prior to requiring leave.

6. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

7. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

8. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

9. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

10. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

11. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

12. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

13. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

14. Plaintiff exhausted her administrative remedies under the ADA, the ADEA and the PHRA.

15. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability and age discrimination as well as retaliation against Defendant.

16. The Charge was assigned a Charge Number of 530-2026-01676 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

17. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated June 29, 2026. Plaintiff received the notice by electronic mail.

18. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

19. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to her PHRA claims.

20. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

**MATERIAL FACTS**

**PLAINTIFF'S EMPLOYMENT HISTORY**

21. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

22. Plaintiff was born in 1965.

23. In or around 1992, Defendant hired Plaintiff in the position of Music Teacher to work out of its Our Lady of Angels Regional Catholic School ("OLA").

24. Over the court of Plaintiff's thirty-two (32) years of distinguished service with Defendant, she consistently performed her job duties with professionalism and excellence.

25. At all times relevant hereto, Plaintiff remained well-qualified for her position.

26. By way of elaboration, Plaintiff is able to teach eleven (11) different instruments and holds a Master's Degree in Education and a Master's Degree in Music Education.

**PLAINTIFF IS DISABLED**

27. Plaintiff has the serious medical condition of severe spinal stenosis, which is considered to be a disability under the Americans with Disabilities Act of 1990, as amended ("ADA") and the Pennsylvania Human Relations Act ("PHRA").

28. The major life activities affected by severe spinal stenosis include, but are not limited to, walking, standing, sitting and lifting.
29. Due to her disability, Plaintiff requires the use of a cane for mobility.
30. Defendant was fully aware of Plaintiff's disability.

**DEFENDANT HIRED A NEW PRINCIPAL WHO SUBJECTED PLAINTIFF TO DISPARATE TREATMENT**

31. In or around 2022, Defendant hired a new Principal, Jennifer Roehrig, a substantially younger individual.
32. From the time of her arrival, Roehrig made it clear that she preferred younger teachers as Plaintiff and other older staff members were treated with marked disrespect and disregard compared to younger faculty.
33. Despite her long-standing record of exemplary performance, Roehrig began treating Plaintiff differently and less favorably than young and non-disabled teachers.
34. By way of example, Roehrig frequently excluded Plaintiff from events and spoke to her in a condescending and dismissive manner.
35. Roehrig was also hostile toward Plaintiff's use of medical leave and made demeaning comments about her attendance when absences were related to her disability.

**ROEHRIG FORCED PLANTIFF TO WALK TO VARIOUS CLASSROOMS FOLLOWING A FLOOD IN THE BUILDING**

36. In or around May 2025, following a flood in the school building.
37. Roehrig directed all specialty teachers, including Plaintiff, to walk throughout the building to reach various classrooms.
38. Plaintiff attempted to comply, but found the extensive walking physically impossible due to her disability.

**PLAINTIFF WAS PLACED ON A MEDICAL LEAVE OF ABSENCE DUE TO HER DISABILITY**

39. Her physician subsequently placed Plaintiff on a medical leave of absence for approximately three (3) weeks, through the end of the school year, as a medically necessary accommodation.

**DEFENDANT DID NOT PROVIDE FMLA PAPERWORK, ACCOMODATION OPTIONS OR ENGAGE IN THE INTERACTIVE PROCESS**

40. Despite the leave being medically supported and of limited duration, Defendant never provided Family and Medical Leave Act ("FMLA") paperwork, never discussed accommodation options, and failed to engage in the required interactive process regarding her disability and work limitations.

**ROEHRIG DENIED PLAINTIFF'S REASONABLE ACCOMMODATION REQUEST AND STATED THAT SHE WOULD BE REQUIRED TO WALK TO MULTIPLE CLASSROOMS FOR THE FOLLOWING SCHOOL YEAR**

41. At the conclusion of the school year, Plaintiff discussed with Roehrig her return to work for the upcoming term and learned that the same walking-intensive classroom arrangement would continue for the next school year.

42. However, younger, non-disabled specialty teachers were allowed to remain in single classrooms, demonstrating clear discriminatory animus.

43. Plaintiff requested a reasonable accommodation to remain in a single classroom, as she had done for many years before Roehrig's arrival.

44. Roehrig flatly refused her accommodation request, stating that she would still be required to walk to multiple classrooms, regardless of her disability.

45. This refusal was deliberate and demonstrated open hostility toward Plaintiff's disability.

**PLAINTIFF WAS CONSTRUCTIVELY DISCHARGED**

46. As a result of Defendant's refusal to accommodate her disability and Roehrig's discriminatory treatment, Plaintiff was constructively terminated effective August 31, 2025.

47. Plaintiff was forced to separate from employment because continuing under those conditions would have jeopardized her health and violated her doctor's restrictions.

48. Plaintiff was 60 years old at the time of her constructive discharge.

49. Upon information and belief, Plaintiff was replaced by a younger, non-disabled individual in her late 20's or early 30's who was less qualified and lacked Plaintiff's education and experience.

50. Furthermore, Plaintiff learned that her former classroom was in fact useable and Defendant could have allowed her to remain teaching in her room thereby obviating the need for accommodation.

51. In addition, Roehrig ignored Plaintiff's request for a reference and did not provide her with one.

52. Defendant discriminated against Plaintiff due to her disability and age and retaliated against her for requesting a reasonable accommodation in violation of the ADA, the ADEA and the PHRA.

53. In addition, Defendant interfered with Plaintiff's FMLA rights in violation of the FMLA.

54. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

**COUNT I – DISABILITY DISCRIMINATION**
**AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED**

55. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

56. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

57. Plaintiff was qualified to perform the job.

58. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

59. The purported reason for Defendant's decision is pretextual.

60. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

61. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

62. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT II – DISABILITY DISCRIMINATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

63. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

64. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by

Defendant and its agents as being disabled.

65. Plaintiff was qualified to perform the job.

66. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

67. The purported reason for Defendant's decision is pretextual.

68. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

69. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

70. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT III – AGE DISCRIMINATION**
**AGE DISCRIMINATION IN EMPLOYMENT ACT**

71. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

72. Plaintiff was 60 years old at the time of her constructive discharge.

73. Plaintiff was qualified to perform the job.

74. Defendant treated younger employees more favorably than Plaintiff.

75. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

76. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

77. Plaintiff was constructively discharged.

78. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT IV – AGE DISCRIMINATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

79. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

80. Plaintiff was 60 years old at the time of her constructive discharge.

81. Plaintiff was qualified to perform the job.

82. Defendant treated younger employees more favorably than Plaintiff.

83. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

84. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

85. Plaintiff was constructively discharged.

86. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT V – RETALIATION**
**AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED**

87. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

88. Plaintiff engaged in activity protected by the ADA, to include, but not necessarily be limited to, good faith requests for a reasonable accommodation.
89. Plaintiff requested reasonable accommodations due to her disability.
90. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, constructive discharge.
91. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment actions.
92. Defendant's conduct was of a nature which would discourage a reasonable individual from engaging in protected activity under the law.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT VI – RETALIATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

93. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.
94. Plaintiff engaged in activity protected by the PHRA, to include, but not necessarily be limited to, good faith requests for a reasonable accommodation.
95. Plaintiff requested reasonable accommodations due to her disability.
96. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, constructive discharge.
97. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment actions.
98. Defendant's conduct was of a nature which would discourage a reasonable individual from engaging in protected activity under the law.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT VII – INTERFERENCE**
**FAMILY AND MEDICAL LEAVE ACT OF 1993, AS AMENDED**

99. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

100. The FMLA declares it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" any right provided by the FMLA. 29 U.S.C. 2615(a)(1).

101. At all times material, Defendant knew, or should have known, of Plaintiff's need for FMLA leave to care for her own serious health condition.

102. Defendant acted in bad faith by interfering with Plaintiff's rights under the FMLA.

103. Defendant knowingly, intentionally, willfully and/or recklessly acted in disregard of the duty to grant Plaintiff's FMLA-related request for leave.

104. Defendant's aforementioned actions violate 29 U.S.C. § 2615(a)(1) of the Family and Medical Leave Act in that the employer cannot "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" any right provided by the FMLA. 29 U.S.C. 2615(a)(1).

105. As a direct and proximate result of Defendant's unlawful interference with Plaintiff's rights under the FMLA, Plaintiff has been deprived of economic and non-economic benefits including, but not limited to lost wages, pain and suffering, mental anguish, humiliation, loss of fringe benefits, disruption of her personal life and loss of enjoyment of the ordinary pleasures of life.

106. Plaintiff demands judgment in her favor against Defendant for all available equitable relief including, but not limited to: unpaid leave up to the maximum permitted by the

FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

107. Plaintiff further demands judgment in her favor against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under § 2617(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the Family and Medical Leave Act of 1993.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Marylee Logan Fairfield, requests that the Court grant her the following relief against Defendant:

(a) Damages for past and future wage loss;

(b) Compensatory damages for other economic and non-economic harm including, *inter alia*, mental anguish and/or emotional distress;

(c) Punitive damages;

(d) Liquidated damages;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences of a lump sum award in a single tax year;

(i) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation

from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(j) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: September 28, 2026 **By:** *_/s/ David M. Koller______*

David M. Koller, Esquire (90119)
Jordan D. Santo, Esquire (320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*